NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

THERESA ANN LUSTGARTEN,

        Plaintiff,

    v.

HUNTERDON MEDICAL CENTER *et al.*,

        Defendants.

Civ. No. 20-12695

**OPINION**

THOMPSON, U.S.D.J.

### INTRODUCTION

This matter comes before the Court upon the Application to Proceed *In Forma Pauperis* filed by Plaintiff Theresa Ann Lustgarten. (ECF No. 1-2.) For the reasons stated herein, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1-2) is granted, but the Complaint (ECF No. 1) is dismissed.

### BACKGROUND

On September 14, 2020, Plaintiff, appearing *pro se*, filed the Complaint (ECF No. 1) and Application to Proceed *In Forma Pauperis* (ECF No. 1-2). Plaintiff names two Defendants in the Complaint: Hunterdon Medical Center and "Hunte[r]don Healthcare" (collectively, "Defendants"). (Compl. at 2, ECF No. 1.)[1] Plaintiff alleges that Defendants discriminated against her in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with

---

[1] The page numbers to which the Court refers are the CM/ECF page numbers.

Disabilities Act of 1990 ("ADA"), and that Defendants unlawfully retaliated against her. (*Id.* at 4.) Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on July 22, 2020. (*Id.* at 6.) She received a Right to Sue letter from the EEOC on August 26, 2020. (*Id.*) Plaintiff seeks punitive and compensatory damages. (*Id.* at 7.)

Plaintiff was employed by Hunterdon Medical Center as a Patient Safety Assistant from February 2019 to January 2020. (Compl. Ex. at 6, ECF No. 1-1.)[2] She states that she suffers from complex post-traumatic stress disorder ("CPTSD"), anxiety, and depression. (Compl. at 5.) Plaintiff states that Defendant (i) failed to accommodate her disability; (ii) afforded her unequal terms and conditions of employment; (iii) retaliated against her; and (iv) falsified protected health information in her medical records. (*Id.*)

## LEGAL STANDARDS

### I.   Application to Proceed *in Forma Pauperis*

To be eligible to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), a plaintiff must file an application to proceed *in forma pauperis*, including an affidavit stating all income and assets, that the plaintiff is unable to pay the filing fee, the "nature of the action[,] . . . [and the] belief that the [plaintiff] is entitled to redress." *See* § 1915(a)(1); *Glenn v. Hayman*, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007).

Under § 1915, a complaint may be subject to *sua sponte* dismissal if the complaint is frivolous, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are immune from such relief. *See* § 1915(e)(2)(B). A court reviewing an *in forma pauperis* application "has the authority to dismiss a case 'at any time,' . . . regardless of

---

[2] The page numbers to which the Court refers are the CM/ECF page numbers.

the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an [*in forma pauperis*] application in either order or even simultaneously." *See Brown v. Sage*, 941 F.3d 655, 659–60 (3d Cir. 2019) (explaining that the Prisoner Litigation Reform Act altered the two-step framework for screening complaints under § 1915 as described in *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

## II.     Failure to State a Claim

To survive dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Iqbal*, 556 U.S. at 675). "Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). The court must accept as true all well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). Third, the court must determine whether the facts "plausibly give rise to an entitlement for relief." *Malleus*, 641 F.3d at 563 (quoting *Iqbal*, 556 U.S. at 679); *see also Fowler*, 578 F.3d at 211. A complaint that does not demonstrate more than

a "mere possibility of misconduct" must be dismissed. *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). Although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## DISCUSSION

### I. Application to Proceed in Forma Pauperis

The Court reviews Plaintiff's Application to Proceed *In Forma Pauperis* before screening the Complaint. Plaintiff's Application to Proceed *In Forma Pauperis* is sufficient under § 1915(a). Plaintiff provides details regarding her income, expenses, and assets. (*See* Appl. at 1–2.) Plaintiff's only income is from Social Security Disability and New Jersey Unemployment, and her only asset is her car. (*Id.*) Plaintiff's monthly income exceeds her reported monthly expenses by about $600 per month. (*Id.*) Considering Plaintiff's circumstances, the Court grants Plaintiff's Application to Proceed *In Forma Pauperis*.

### III. Screening of Complaint

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff has not provided any statement of her claim. In the Complaint, in the space provided for "Statement of Claim," Plaintiff writes only "please see attached." (Compl. at 6.) Attached to the Complaint are several documents: a copy of Plaintiff's charge filed with the EEOC, copies of medical records, copies of email correspondence between Plaintiff and various individuals employed by Defendant, text messages, and photographs. (*See generally* Compl. Ex.) However, nowhere in Complaint or the attachment does Plaintiff provide a statement of the facts of her claim.

Because Plaintiff has not provided a short and plain statement showing that she is entitled to relief, Plaintiff's claims are dismissed. The Court, however, will grant Plaintiff leave to amend to cure the deficiencies identified in the Complaint within thirty (30) days from the entry of the Court's accompanying Order.

## CONCLUSION

For the foregoing reasons, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1-2) is granted, but Plaintiff's Complaint (ECF No. 1) is dismissed. An appropriate Order will follow.

Date: 10/22/20

ANNE E. THOMPSON, U.S.D.J.