NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| THERESA ANN LUSTGARTEN,<br><br>Plaintiff,<br><br>v.<br><br>HUNTERDON MEDICAL CENTER *et al.*,<br><br>Defendants. | Civ. No. 20-12695<br><br>**OPINION** |

THOMPSON, U.S.D.J.

### INTRODUCTION

This matter comes before the Court upon the Application to Proceed *In Forma Pauperis* filed by Plaintiff Theresa Ann Lustgarten. (ECF No. 1-2.) The Court previously granted Plaintiff's Application to Proceed *In Forma Pauperis*, but, upon screening the Complaint pursuant to 28 U.S.C. § 1915, dismissed Plaintiff's claims. (ECF No. 3.) Plaintiff then filed the Amended Complaint. (ECF No. 4.) For the reasons stated herein, Plaintiff's Amended Complaint is dismissed in part.

### BACKGROUND

The Plaintiff names two Defendants in the Amended Complaint: Hunterdon Medical Center and "Hunte[r]don Healthcare" (collectively, "Defendants"). (Am. Compl. at 3, ECF No. 4.)[1] Plaintiff was employed by Defendants as a Patient Safety Assistant from February 2019 to January 2020. (*Id.* at 11.) She states that she suffers from complex post-traumatic stress disorder

---

[1] The page numbers to which the Court refers are the CM/ECF page numbers.

1

("C-PTSD") and anxiety. (*Id.* at 6.) Plaintiff alleges that Defendants (i) failed to accommodate her disability; (ii) afforded her unequal terms and conditions of employment; (iii) retaliated against her; and (iv) falsified protected health information in her medical records. (*Id.*)

Plaintiff's claims appear to arise from two workplace events. (*Id.* at 11.) First, Plaintiff alleges that, in October 2019, she was wrongfully disciplined for poor performance. (Compl. Ex. at 6, ECF No. 1-1.)[2] Second, in November 2019, Plaintiff was admitted to Defendants' hospital as a patient. (*Id.* at 41–42.) Plaintiff alleges that during her admission, Defendants' employees falsified information on her medical chart. (Am. Compl. at 8.) Plaintiff later petitioned to amend her medical chart, but Defendants declined to do so. (*See* Compl. Ex. at 25, 38–39.) After Plaintiff was discharged from Defendants' care, Defendants requested that she be medically cleared before she could return to work. (*Id.* at 6.) Plaintiff felt that Defendants' actions were "wrong" and left her position. (*Id.*) In Plaintiff's words:

> [Defendants] [u]sed my protected medical information such as my C-PTSD, [and] anxiety against me to push me out of my job, by not firing me because I did my job, [n]ever was late, always informed the charge RN etc. of any delays.

(Am. Compl. at 8.) Plaintiff has not been employed since she left her position. (*Id.* at 7.)

Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on July 22, 2020. (*Id.*) She received a Right to Sue letter from the EEOC on August 26, 2020. (*Id.*) On September 14, 2020, Plaintiff, appearing *pro se*, filed the Complaint (ECF No. 1) and Application to Proceed *In Forma Pauperis* (ECF No. 1-2). The Court granted Plaintiff's Application to Proceed *In Forma Pauperis*, but, upon screening the Complaint pursuant to 28 U.S.C. § 1915, dismissed Plaintiff's claims because it did not include a statement of the facts of the case. (ECF No. 3.) Plaintiff filed the Amended Complaint on October 28, 2020. (ECF No. 4.)

---

[2] The page numbers to which the Court refers are the CM/ECF page numbers.

The Complaint alleges three counts: (I) Violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), (II) Violation of the Americans with Disabilities Act of 1990 ("ADA"), and (III) Retaliation. (Am. Compl. at 5.)

## **LEGAL STANDARD**

To survive dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Iqbal*, 556 U.S. at 675). "Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). The court must accept as true all well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). Third, the court must determine whether the facts "plausibly give rise to an entitlement for relief." *Malleus*, 641 F.3d at 563 (quoting *Iqbal*, 556 U.S. at 679); *see also Fowler*, 578 F.3d at 211. A complaint that does not demonstrate more than a "mere possibility of misconduct" must be dismissed. *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). Although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## **DISCUSSION**

    A.    *Title VII of the Civil Rights Act*

Plaintiff brings her first claim against Defendants under Title VII of the Civil Rights Act of 1964. (Am. Compl. at 5.) Title VII applies to discrimination on the basis of race, color, religion, sex, sexual orientation, gender identity, or national origin. 42 U.S.C. § 2000e.

Plaintiff does not allege that she was discriminated against based on her race, color, religion, sex, sexual orientation, gender identity, or national origin. The Amended Complaint only alleges facts that Plaintiff was discriminated against based on her disability (Am. Compl. at 6), which is not a protected class under Title VII. *See Patterson v. AFSCME # 2456*, 320 F. App'x 143, 147 (3d Cir. 2009). Therefore, the Court will dismiss Plaintiff's claim under Title VII.

    B.    *Americans with Disabilities Act of 1990*

Plaintiff's second claim arises under the ADA. (*Id*. at 5.) To establish a *prima facie* case of discrimination under the ADA, an employee must show that (1) she is a disabled person within the meaning of the ADA; (2) she is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) she has suffered an otherwise adverse employment decision as a result of discrimination. *Taylor v. Phoenixville Sch. Dist*., 184 F.3d 296, 306 (3d Cir. 1999). A plaintiff need not establish the elements of a *prima facie* case in her complaint, "but instead, need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213.

Plaintiff's allegations make out a plausible claim for relief under the ADA. First, Plaintiff states that she is disabled because she suffers from C-PTSD and anxiety. (Am. Compl. at 5.)

Whether a plaintiff suffers from a disability is a question of fact and a case-by-case determination. *Gaul v. AT&T, Inc.*, 955 F. Supp. 346, 350 (D.N.J. 1997). Courts have found mental disorders like anxiety and depression to be disabilities under the ADA. *See Ruggiero v. Mount Nittany Med. Ctr.*, 736 F. App'x 35, 40 (3d Cir. 2018) (finding severe anxiety to be a disability under the ADA); *Callan v. City of Dover*, 65 F. Supp. 3d 387, 396 (D. Del. 2014) (finding depression to be disability under the ADA).

Second, Plaintiff states that she performed her job and was never late, implying that she was otherwise qualified to perform the essential functions of the job. (Am. Compl. at 8.) Third, Plaintiff alleges that Defendants' used her medical records containing false statements about her disabilities to "push [her] out of [her] job." (*Id.*) It appears that this action, if true, would constitute an "adverse employment decision." *See Taylor*, 184 F.3d at 306. Thus, the Court finds that Plaintiff's allegations are sufficient to make out a claim for discrimination on the basis of disability under the ADA.

  C. *Retaliation*

Plaintiff's final claim alleges that Defendants unlawfully retaliated against her. (Am. Compl. at 5.) A *prima facie* claim for retaliation under the ADA requires a plaintiff to demonstrate that (1) she engaged in protected activity; (2) the employer took an adverse employment action after or contemporaneous with the protected activity; and (3) a causal link exists between the employee's protected activity and the employer's adverse action. *Abramson v. William Paterson Coll. of N.J.*, 260 F.3d 265, 286 (3d Cir. 2001). As stated previously, a plaintiff is not required to establish a *prima facie* case in her complaint. *Fowler*, 578 F.3d at 213. However, it is not possible to meet the retaliation standard when the alleged adverse action precedes the protected activity. *Alja-Iz v. U.S.V.I. Dept. of Educ.*, 626 F. App'x 44, 47 (3d Cir.

2015) (citing *Glanzman v. Metro. Mgmt. Corp.*, 391 F.3d 506, 516 (3d Cir. 2004)).

Here, the Amended Complaint does not appear to allege any facts that Defendants took adverse employment actions after Plaintiff engaged in protected activity. The only protected activity that the Court can discern from the Amended Complaint is Plaintiff's charge to the EEOC filed on July 22, 2020. (Compl. Ex. at 4–9.) This act took place after Plaintiff was no longer employed by Defendants. (*See id.*) Accordingly, Plaintiff's retaliation claim is dismissed.

## CONCLUSION

For the foregoing reasons, Count I (Violation of Title VII of the Civil Rights Act of 1964) and Count III (Retaliation) of the Amended Complaint (Am. Compl. at 5) are dismissed. The Court will grant Plaintiff leave to amend to cure the deficiencies with Counts I and II within thirty (30) days from the entry of the Court's accompanying Order. An appropriate Order will follow.

Date: <u>November 16, 2020</u>  　　　　　　　　*/s/Anne E. Thompson*
　　　　　　　　　　　　　　　　　　　　　　ANNE E. THOMPSON, U.S.D.J.